Case No. 24-20244

# In the United States Court of Appeals for the Fifth Circuit

———————◆———————

RONNIE COLEMAN,
PLAINTIFF – APPELLANT

V.

CHEVRON PHILIPS CHEMICAL COMPANY, L.P.,
DEFENDANT – APPELLEE

———————◆———————

On Appeal from the United States District Court
Southern District of Texas, Houston Division
No. 4:23-cv-00350, the Honorable Lee H Rosenthal, Presiding

———————◆———————

## PETITION FOR PANEL REHEARING

———————◆———————

Clouthier Law, PLLC
Susan J. Clouthier
Tex. Bar No. 24062673
9950 Woodloch Forest Dr, Ste 1300
The Woodlands, Texas 77380
Telephone: (346) 443-4300
Fax: (346) 443-4343
susan@clouthierlaw.com

**Attorney for Appellant
Ronnie Coleman**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................ iii

ISSUES PRESENTED FOR REHEARING .......................................... 1

SUMMARY OF THE ARGUMENT .................................................. 1

ARGUMENT AND AUTHORITIES ................................................. 2

I.  The CSC test is too strict and narrow for summary
    judgment because it requires a plaintiff to prove his case to
    overcome summary judgment................................................ 2

II. Alternatively, if this Panel determines the CSC test
    remains, Kline's actions were imputed to Chevron. ............. 9

III. This Panel's stringent requirement for a comparator adds
     an unnecessary evidentiary burden on Coleman where he
     offered a good comparator which is also non-subjective
     evidence................................................................. 12

CONCLUSION........................................................................... 14

CERTIFICATE OF SERVICE......................................................... 16

CERTIFICATE OF COMPLIANCE ................................................. 17

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Auguster v. Vermilion Par. Sch. Bd.*,
249 F.3d 400 (5th Cir. 2001)....................................................................4

*Brown v. CSC Logic, Inc.*,
82 F.3d 651 (5th Cir. 1996)......................................................................3

*Clark v. Champion Nat'l Sec., Inc.*,
952 F.3d 570 (5th Cir. 2020)....................................................................3

*Coleman v. Chevron Phillips Chem. Co., L.P.*,
2025 WL 880534 (5th Cir. Mar. 21, 2025).............................3, 8, 12, 13

*Delaval v. PTech Drilling Tubulars, L.L.C.*,
824 F.3d 476 (5th Cir. 2016).............................................................10, 13

*Goudeau v. Nat'l Oilwell Varco, L.P.*,
793 F.3d 470 (5th Cir. 2015)....................................................................5

*Guthrie v. Tifco Indus.*,
941 F.2d 374 (5th Cir. 1991)....................................................................7

*Laxton v. Gap Inc.*,
333 F.3d 572...............................................................................................5

*Menard v. Targa Res., L.L.C.*,
2023 WL 4763326 (5th Cir. July 26, 2023) .........................................10

*Oldenburg v. Univ. of Tex. at Austin*,
860 Fed. Appx. 922 (5th Cir. 2021)....................................................5, 7

*Reed v. Neopost USA, Inc.*,
701 F.3d 434 (5th Cir. 2012)....................................................................5

*Reeves v. Sanderson Plumbing Products, Inc.*,
   197 F.3d 688 (5th Cir. 1999) ............................................................. 3, 6

*Reeves v. Sanderson Plumbing Products, Inc.*,
   530 U.S. 133 (2000) ................................................................... Passim

*Rubinstein v. Adm'rs of Tulane Ed. Fund*,
   218 F.3d 392 (5th Cir.2000) ................................................................. 4

*Russell v. McKinney Hosp. Venture*,
   235 F.3d 219 (5th Cir. 2000) ....................................................... 3, 4, 10

*Sandstad v. CB Richard Ellis*, Inc.,
   309 F.3d 893 ............................................................................................ 5

*Staub v. Proctor Hosp.*,
   562 U.S. 411 (2011) ........................................................................ 10, 11

*Turner v. N. Am. Rubber, Inc.*,
   979 F.2d 55 (5th Cir. 1992) ................................................................... 6

**Rules**

Fed. R. App. P. 32(a)(5) ............................................................................ 2

Fed. R. App. P. 32(a)(6) ............................................................................ 2

Fed. R. App. P. 32(a)(7)(B)(iii) ................................................................ 2

Fed. R. App. P. 40(b)(1) ............................................................................ 2

## Issues Presented for Rehearing

I.  The CSC test is too strict and narrow for summary judgment because it requires a plaintiff to prove his case to overcome summary judgment.

II.  Alternatively, if this Panel determines the CSC test remains, Kline's actions were imputed onto Chevron.

III.  This Panel's stringent requirement for a comparator adds an unnecessary evidentiary burden on Coleman where he offered a good comparator which is also non-subjective evidence.

## Summary of the Argument

This Panel should grant rehearing in this case, withdraw its prior opinion, and issue a new opinion based on the issues raised in this Petition. First, the Panel's reliance on the four-part test to determine whether comments are evidence of direct discrimination adds additional evidentiary requirements which are discouraged by the Supreme Court and requires Coleman to ultimately prove his discrimination case in order to survive summary judgment as opposed to the correct summary judgment standard, which is to create a genuine dispute of material fact when the evidence is viewed in a light most favorable to Coleman.

Next, this Panel should grant rehearing because although it held that Coleman failed to prove that Kline was the ultimate decisionmaker in his termination, the Panel did not analyze whether Kline's actions could be imputed to Chevron where this Court and the Supreme Court have held that a person's discriminatory actions may be imputed to the employer where the person exhibited animus and influenced the employer.

Lastly, this Panel should grant rehearing because Coleman presented evidence that he received disparate treatment compared to a similarly situated white employee where this Panel cited a case in which the employee failed to contend there was a comparator for disparate treatment, suggesting that there was none in this case. Further, requiring a comparator to be in the exact situation adds evidentiary burdens that are discouraged by the Supreme Court and ultimately shield an employer from liability.

**ARGUMENT AND AUTHORITIES**

I.    **The CSC test is too strict and narrow for summary judgment because it requires a plaintiff to prove his case to overcome summary judgment.**

In its opinion in this matter, this Panel cited Champion for the four-

part test to determine whether comments are sufficient to overcome summary judgment. *Coleman v. Chevron Phillips Chem. Co., L.P.*, 2025 WL 880534, at *2 (5th Cir. Mar. 21, 2025) (*citing Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 581 (5th Cir. 2020). Courts have referred to this test as the CSC test. *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996). The CSC test, as stated by this Court in *Russell*, "was originally devised in order to address a situation in which one of the elements of the plaintiff's prima facie case is missing and the plaintiff attempts to remedy the deficiency by adducing evidence of discrimination in the form of remarks evidencing animus or bias." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 225 (5th Cir. 2000). This Court applied the CSC test in *Reeves*, where it held that evidence of damning comments was insufficient when not made in the direct context of a termination. *Reeves v. Sanderson Plumbing Products, Inc.*, 197 F.3d 688, 693 (5th Cir. 1999), *rev'd*, 530 U.S. 133 (2000). However, the Supreme Court disapproved of this Court's analysis in *Reeves* where the Supreme Court stated this Court "impermissibly substituted its judgment concerning the weight of the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). The Supreme Court stated that the ultimate question in every

employment discrimination case is "whether the plaintiff was the victim of intentional discrimination," and ultimately held that there was sufficient evidence where the plaintiff established a prima facie case of discrimination, to reject the respondent's explanation, and produce additional evidence of animus. *Id.* at 153. Justice Ginsburg, in her concurrence in *Reeves*, stated "whether the defendant was in fact motivated by discrimination is of course for the finder of fact to decide," and "the ultimate question of liability ordinarily should not be taken from the jury once the plaintiff has introduced the two categories of evidence." *Id.* at 154-55.

Subsequently, this Court in *Auguster* stated that it interpreted Reeves "not to overrule our stray remarks jurisprudence." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 405 (5th Cir. 2001) (*citing Rubinstein v. Adm'rs of Tulane Ed. Fund*, 218 F.3d 392, 400–01 (5th Cir.2000). However, this Court in *Russell* limited *Rubinstein* to stand "only for the proposition that an overwhelming case that the adverse employment actions at issue were attributable to a legitimate, nondiscriminatory reason will not be defeated by remarks that have no link whatsoever to any potentially relevant time frame." *Russell*, 235

F.3d at 219 n.19 (5th Cir. 2000). This limitation negates the interpretation relied upon by *Auguster*. In fact, this Court has questioned its continued reliance on the CSC test and whether the test continues to be viable. *Sandstad v. CB Richard Ellis*, Inc., 309 F.3d 893, 899 Note 6 (5th Cir. 2002). Despite this Court's holding limiting *Rubinstein*, this Court has adhered to the test, as in the case here, where comments are analyzed as direct evidence of discrimination. *See Laxton v. Gap Inc.*, 333 F.3d 572, 583, Note 4 (5th Cir. 2003); *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012); *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 476 (5th Cir. 2015); *Oldenburg v. Univ. of Tex. at Austin*, 860 Fed. Appx. 922, 925 (5th Cir. 2021). But, because *Rubinstein* was limited to an unrelated matter, the ground upon which the CSC test stands is not solid.

This makes sense because this Panel's adherence to the CSC test for direct evidence of discrimination is a departure from the spirit of *Reeves*. The Supreme Court in *Reeves* was concerned with whether a trier of fact may conclude that the employer unlawfully discriminated when the plaintiff has presented a prima facie case of discrimination and sufficient evidence that an employer's justification is false. *Reeves*, 530 U.S. at 148. The Supreme Court held that a trier of fact makes that

conclusion. *Id*. The Supreme Court also rejected the additional evidentiary burdens this Court placed on the petitioner. *Id*. at 152. For example, this Court stated in *Reeves*, "there is no evidence to suggest that any of the other decision makers were motivated by age," thereby putting the evidentiary burden on the petitioner to prove all decisionmakers were motivated by age. *Reeves*, 197 F.3d at 694. Accordingly, the Supreme Court rejected adding evidentiary burdens in discrimination cases. This Panel similarly added additional evidentiary burdens when using the CSC test to analyze comments as direct evidence of discrimination.

This is evidenced by item three of the CSC test—made by an individual with authority over the employment decision at issue—where the evidence to prove this element has narrowed as time has passed. CSC cited *Turner* for item three, yet *Turner* does not establish the proposition that the comment must be "made by an individual with authority over the employment decision at issue." *Turner v. N. Am. Rubber, Inc.*, 979 F.2d 55, 59 (5th Cir. 1992). Instead, *Turner* cites *Guthrie* for the proposition that where "comments are vague and remote in time and administrative hierarchy, they are no more than 'stray remarks,' which are insufficient to establish discrimination." *Guthrie v. Tifco Indus.*, 941

F.2d 374, 379 (5th Cir. 1991). Here, the evidence has narrowed from comments made by someone within the "administrative hierarchy" to an "individual with authority over the employment decision." This Court has even recognized that the CSC is a strict test. *Oldenburg*, 860 Fed. Appx. at 925 ("The district court here incorrectly used the stricter, four-part test articulated in [CSC]. That test applies only when age-based remarks are offered as direct evidence of discrimination.").

Due to the strictness of the CSC test and its narrow provisions, this Panel's strict adherence to it creates an evidentiary burden that is too high for a plaintiff in a discrimination case to overcome which effectively precludes a jury from determining the facts of the case. When a court requires a plaintiff to prove the elements of the CSC test to survive summary judgment, it requires the plaintiff to prove their case, as opposed to the summary judgment standard, which is to create a genuine dispute of material fact when a court views the evidence in a light most favorable to the nonmovant.

For example, in this matter, this Panel stated that "Coleman has failed to establish that Kline was 'an individual with authority' over his termination." *Coleman*, 2025 WL 880534 at *2, Note 4. Coleman

presented evidence that Kline was his direct supervisor, made comments of a racial animus towards Coleman, failed to train Coleman, never gave Coleman an initial walkthrough of Plant 6, never explained the equipment to Coleman, and failed Coleman on his first walkthrough to become certified at the Plants—all factors leading towards his termination. ROA 8-9, 88, 147-48, 186-88, 192, 195-96, 276, 317, 337-38. Moreover, the trial court incorrectly struck Coleman's statement that Kline worked for Chevron for thirty years, was an essential employee, and the company will do what he requests. ROA.441, 444-45. Under the modern strict CSC test derived from *Turner*, this evidence does not conclusively prove that Kline was an individual with authority over Coleman's termination. However, if judged by the earlier *Guthrie* standard, the evidence does show that Kline made comments of racial animus towards Coleman and he was an individual in Coleman's administrative hierarchy because he was Coleman's direct supervisor.

But the ultimate issue is whether in either case Coleman should be held to prove these CSC standards to survive summary judgment. If he were to overcome this standard, he would succeed in his case because he will have proven that "Kline, a person who made the decision to

terminate him, made comments of racial animus towards him, and those comments were related to the decision to terminate him." This is ultimate proof of his discrimination case and this Panel is substituting its weight of the evidence for that of the jury's where it holds Coleman has failed to prove the elements of the CSC test. Therefore, the CSC test is too strict and its elements are too narrow at the summary judgment stage of discrimination because it requires a plaintiff to prove their discrimination case to survive summary judgment as opposed to create of genuine dispute of material fact regarding discrimination when the evidence is viewed in a light most favorable to the plaintiff. These issues should be left to the jury. Accordingly, this Panel should grant rehearing.

## II. Alternatively, if this Panel determines the CSC test remains, Kline's actions were imputed to Chevron.

This Panel's opinion that Coleman failed to establish that Kline was an individual with authority over the employment decision at issue ignores this Court's and Supreme Court case law that an employee's discriminatory actions may be imputed to a company. "Under this theory of liability, courts may impute an agent's improper motive to a de facto decisionmaker upon a showing that the agent (1) exhibited the requisite retaliatory animus, and (2) possessed leverage, or exerted influence, over

the titular decisionmaker." *Menard v. Targa Res., L.L.C.*, 2023 WL 4763326, at *3 (5th Cir. July 26, 2023) (*citing Russell*, 235 F.3d at 226–27). Moreover, discrimination can be a factor in a decision to fire an employee where the actual person who fires the employee is not the discriminatory individual but the firing was based in part on the actions of that person. *Staub v. Proctor Hosp.*, 562 U.S. 411, 418–19 (2011); *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 479–80 (5th Cir. 2016) ("We apply a 'motivating factor' test, which provides that "discrimination need not be the sole reason for the adverse employment decision ... [so long as it] actually play[s] a role in the employer's decision making process and ha[s] a determinative influence on the outcome."). The reason underlying this principle is that an employer's authority to "reward, punish, or dismiss is often allocated among multiple agents," and the "one who makes the ultimate decision does so on the basis of performance assessments by other supervisors." *Staub*, 562 U.S. at 420. Otherwise, an employer would be shielded from discriminatory acts because the employer could place the authority in an individual apart from the employee's supervisors. *Id.* Ultimately, an employer can be at "fault because one of its agents committed an action based on

discriminatory animus that was intended to cause, and did in fact cause, an adverse employment decision." *Id*. at 421.

This is the case in this matter where Kline made statements exhibiting racial animus towards Coleman and took adverse administrative actions that caused his termination. *Id*. at 422–23. Chevron does not dispute that Kline made comments of racial animus. *See* Appellee Brief at 33 ("the record establishes that Kline made offensive stray remarks."). Moreover, Kline took adverse administrative actions towards Coleman. Kline never assigned Coleman to training. ROA.8-9. Kline never gave Coleman an initial walkthrough of Plant 6 and never explained the equipment to Coleman. ROA.147, 186. Kline failed Coleman on his first walkthrough. ROA.147, 232, 276. Kline did not place Coleman into a remediation plan after failing the walkthrough. ROA.198-99. Kline made all of these decisions and were factors in Coleman's termination. It is likely that if Coleman had been properly trained, he would have passed his walkthrough. Had Coleman been properly trained and still failed a walkthrough, it is likely that he would have subsequently passed if he had been put into a training remediation plan.

This is another area that is ripe for a jury's determination because fair minded people could consider whether Kline's actions were factors in Coleman's termination and whether such actions should have been imputed to Chevron. Accordingly, this Panel should grant rehearing.

## III. This Panel's stringent requirement for a comparator adds an unnecessary evidentiary burden on Coleman where he offered a good comparator which is also non-subjective evidence.

First, in its opinion this Panel states, "[d]isregarding the properly stricken evidence, none remains of a comparator that performed equivalently on a walkthrough." *Coleman*, 2025 WL 880534 at *3. In his brief Coleman argued that Kenny Clark was a good comparator because he was a white employee who worked at Plant 6, had the same supervisor, and passed a walkthrough with a non-certified operation after fifteen minutes. *See* Appellant Br. at 40; ROA.339. In contrast, Coleman was subjected to four lengthy walkthroughs, lasting hours, with supervisors and trainers. ROA.339. This evidence was not objected to by Chevron and was not stricken. ROA.365, 443. For its determination that "none remains of a comparator that performed equivalently on a walkthrough," this Panel cited *Delaval* which states, "Delaval does not contend he was treated differently than any other employee." *Coleman*,

2025 WL 880534 at *3 (*citing Delaval*, 824 F.3d at 480). But that was not the case here because Coleman did contend that he was treated differently than a similarly situated white employee.

Further, if the Court means that a proper comparator would have had to go through a walkthrough four times, failed each one, and then be retained by Chevron, for Coleman to survive summary judgment, once again, it is adding evidentiary requirements discouraged by *Reeves*. Should a court require a plaintiff to prove a different result from their exact situation to be a proper comparator, it would likely shield all employers from liability because such an exact comparator is likely non-existent in most discrimination cases. It also discounts evidence of disparate treatment by an employer which is ultimately good evidence of discrimination.

*Reeves* stated that the "ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves*, 530 U.S. at 153. In *Reeves*, when the Supreme Court looked at all of the evidence when it held that the petitioner had established a prima facie case of discrimination, introduced enough evidence for the jury to reject

respondent's explanation, and produced additional evidence of age-based animus for a jury to find that the respondent had intentionally discriminated. *Id.* at 153–54. The evidence is also evidence apart from Coleman's "subjective belief of discrimination." Therefore, when looking at all of the evidence in a light most favorable to Coleman, it is sufficient to create a genuine issue of material fact to survive summary judgment where reasonable minds could differ whether Chevron's proffered reason for terminating Coleman was pretextual. Therefore, this Panel should let a jury ultimately decide the facts. Accordingly, this Panel should grant rehearing.

## CONCLUSION

For the foregoing reasons, the Panel should withdraw its prior opinion and issue a new opinion based on the issues raised in this Petition. Further the Court should reverse the district court's grant of Appellee's Motion to Strike and Motion for Summary Judgment and remand the case back to the district court for further proceedings. Appellant also asks this Court to award any further relief, whether at law or in equity, to which he may show himself to be justly entitled.

May 5, 2025

Respectfully submitted,

**CLOUTHIER LAW, PLLC**

/s/ Susan J. Clouthier
Susan J. Clouthier
Tex. Bar No. 24062673
9950 Woodloch Forest Dr, Ste 1300
The Woodlands, Texas 77380
Tel: (346) 443-4300
Fax: (346) 443-4343
susan@clouthierlaw.com

**Counsel for Appellant
Ronnie Coleman**

I certify that on May 5, 2025, the foregoing Petition was filed electronically using the Court's CM/ECF system, which will give notice of the filing to counsel for the Appellee.

I further certify that (1) the required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

I further certify that I will mail the correct number of paper copies of the foregoing document to the Clerk of Court when requested.

I further certify that no artificial intelligence was used in preparing this Petition.

/s/ *Susan J. Clouthier*
Susan J. Clouthier

**Attorney for Appellant
Ronnie Coleman**

This brief complies with the type-volume limitation of Fed. R. App. P. 40(b)(1) because this Petition for Panel Rehearing contains 2,848 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century font size 14.

/s/ *Susan J. Clouthier*
Susan J. Clouthier

**Attorney for Appellant**
**Ronnie Coleman**

# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-20244

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2025

Lyle W. Cayce
Clerk

RONNIE COLEMAN,

*Plaintiff—Appellant,*

*versus*

CHEVRON PHILLIPS CHEMICAL COMPANY, L.P.,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-350

---

Before WIENER, STEWART, and SOUTHWICK, *Circuit Judges.*

PER CURIAM:[*]

Plaintiff-Appellant Ronnie Coleman claims that his former employer, Defendant-Appellee Chevron Phillips Chemical Company LP ("CPChem"), discriminated against him based on his race and age. We AFFIRM the judgment of the district court.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20244

## I.

CPChem hired Coleman, who is Black and was then 57 years old, to work as a process operator in its Pasadena plastics complex. He contends that, throughout his training, he was harassed by his White training supervisor, Wayne Kline. As part of that training, Coleman was required to pass an area walkthrough, which tested practical knowledge of the relevant material. Kline and another supervisor evaluated Coleman during his walkthrough; both failed him.

Coleman then complained about Kline, alleging that he made racially inappropriate remarks to him and did not give him proper training. Due to Coleman's complaints, CPChem did not have Kline participate in further evaluations of Coleman. Coleman then had three more attempts to pass his walkthrough, extra time to prepare in advance, and multiple evaluators oversee his walkthroughs. Nonetheless, Coleman failed each walkthrough. He was terminated shortly thereafter.

This lawsuit followed. Coleman alleged that he was deprived of training, subjected to additional testing, and ultimately terminated because of his race and age. Consequently, he sued CPChem under Title VII and the Age Discrimination in Employment Act (the "ADEA").[1]

CPChem moved for summary judgment on all three claims. It also moved to strike certain statements that Coleman listed in his and others' affidavits in support of his response. The court granted in part CPChem's motion to strike, reasoning that certain statements were not based on personal knowledge, inadmissible under the sham affidavit doctrine, and from affiants not disclosed as required under Rule 26.

---

[1] 42 U.S.C. § 2000e *et seq.* (Title VII); 29 U.S.C. § 621 *et seq.* (ADEA).

No. 24-20244

After striking those statements, the district court concluded that Coleman had not raised a genuine dispute of material fact for any of his claims and granted in full CPChem's motion for summary judgment. Coleman timely appealed.

## II.

We review evidentiary rulings for "an abuse of discretion, subject to harmless-error review." *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022). We review *de novo* a district court's legal determinations on summary judgment. *Griggs v. Brewer*, 841 F.3d 308, 311 (5th Cir. 2016) (citation omitted).

## III.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). A party cannot satisfy this requirement with a "speculative opinion" upon which he "could have no possible personal knowledge." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 228 (5th Cir. 2018). For corporate employees, "[p]ersonal knowledge may be demonstrated by showing that the facts stated reasonably fall within the sphere of responsibility of the affiant as a corporate employee." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012).

For the statements that the district court struck under this standard, Coleman never established that the affiants had "personal knowledge" of the statements at issue or that the content fell within their "sphere[s] of

3

No. 24-20244

responsibility." *See Cutting Underwater*, 671 F.3d at 516.[2] Thus, the court did not err.[3]

## IV.

We next turn to the merits of Coleman's Title VII and ADEA claims. Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Coleman has presented no such dispute for either claim. Thus, the district court did not err in granting summary judgment.

### A.

"A plaintiff may use either direct or circumstantial evidence to prove a case of intentional discrimination" under Title VII. *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328 (5th Cir. 1994). Coleman fails to present adequate evidence of either.

#### 1.

"[D]irect evidence is rare" for discrimination claims. *Id.* "Where a plaintiff offers remarks as direct evidence, we apply a four-part test to

---

[2] For the one affidavit that the district court struck in its entirety for Coleman's failure to disclose under Rule 26, it independently struck the material statements for the affiant's lack of personal knowledge. Coleman does not challenge that independent determination on appeal and thus he forfeits any contention to the contrary. *See Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008). Thus, we pretermit discussion of his challenge to the district court's Rule 26 ruling.

[3] Separately, Coleman and CPChem disagree as to whether the district court abused its discretion by excluding certain statements under the sham affidavit doctrine. But we need not address this issue. As we discuss below, Coleman has failed to establish that Kline was "an individual with authority over the employment decision at issue." *See Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 581 (5th Cir. 2020). Thus, any error in excluding those statements would be harmless. *See Seigler*, 30 F.4th at 476 ("We review a district court's exclusion or admission of evidence—including application of the sham-affidavit doctrine— . . . subject to harmless-error review.").

determine whether they are sufficient to overcome summary judgment." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 581 (5th Cir. 2020) (cleaned up). Under this test, the remarks must be "(1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the complained-of adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue." *Id.* (cleaned up).

Coleman's direct evidence theory falters under the third prong. *See id.* Kline was not Coleman's sole evaluator for his first walkthrough, and the second evaluator also gave him a failing mark. Then, CPChem removed Kline from Coleman's later walkthroughs. It also gave Coleman an additional, fourth opportunity to pass. Doing so was beyond its normal evaluation procedures. After Coleman failed his fourth walkthrough, Kline did not participate in the ultimate decision to terminate Coleman. *See id.*, 952 F.3d at 581 (finding no direct evidence of discrimination because the speaker "was not the ultimate decisionmaker regarding termination"). Thus, like in *Clark*, Kline had no "authority" over Coleman's termination. *See id.*[4]

**2.**

With circumstantial evidence, a plaintiff must demonstrate that the employer's nondiscriminatory reason for an adverse employment action is mere pretext for discrimination. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020). He can do so "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) (internal quotation marks omitted).

---

[4] Because Coleman has failed to establish that Kline was "an individual with authority" over his termination, we pretermit discussion of the other three *Clark* prongs.

No. 24-20244

Coleman has done neither. Disregarding the properly stricken evidence, none remains of a comparator that performed equivalently on a walkthrough. *See id.* As for his argument that CPChem's explanation is "false or unworthy of credence," he only presents evidence of his "subjective belief of discrimination," which "cannot be the basis of judicial relief." *See id.* (quotation omitted). Thus, his Title VII claim fails.

**B.**

The ADEA similarly permits plaintiffs to present direct or circumstantial evidence to prove age discrimination under the same frameworks. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 141 (2000).

Coleman, however, only attempts to prove his claim with circumstantial evidence. He utilizes the same evidence that he does for his Title VII claim. Thus, his evidence is insufficient for the same reasons as his Title VII claim. *See Vaughn,* 665 F.3d at 637. The only additional support he offers is that (1) Kline once stated that "he did not think training on reactors made sense" because "Coleman felt like he could retire in a couple of years" and (2) after Coleman was terminated, CPChem replaced him with someone younger. The former is not discriminatory, but merely an opinion based on Coleman considering retiring before he finished his training. And our precedent expressly forecloses the latter's relevance. *See McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 459 (5th Cir. 2019) (holding that "[a] plaintiff cannot satisfy his burden by showing a large discrepancy in age," but must instead "show that his replacement . . . is clearly less qualified"). Thus, Coleman's ADEA claim also fails. *See Reeves*, 530 U.S. at 141.

**V.**

For the foregoing reasons, we AFFIRM the judgment of the district court.